UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

ORLANDO CARRERO-HERNANDEZ,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil No. 12-1649 (JAF)

(Crim. No. 08-037)

# **OPINION AND ORDER**

Petitioner, Orlando Carrero-Hernández, brings this petition under 28 U.S.C. § 2255 for relief from sentencing by a federal court, alleging that the sentence imposed violated his rights under federal law. He requests an order to vacate, set aside, or correct the sentence imposed in Cr. No. 08-037. (Docket No. 1.)

## **I.**

## **Background**

On January 30, 2008, the grand jury rendered a two-count indictment against Petitioner and five co-defendants. (Crim. Docket No. 28.) Count One charged the defendants with conspiracy to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§841 and 846. (Id.) Count Two charged them with a conspiracy to import into the United States five kilograms or more of a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 952, 960, and 963. (Id.)

Petitioner opted for a jury trial. (Crim. Docket No. 298 & 301.) However, on the second day of jury trial, after most of the evidence against him was presented in the

government's case-in-chief, Petitioner entered a straight plea of guilty to the indictment. (Docket No. 302.) On January 26, 2010, we sentenced Petitioner to an imprisonment term of three-hundred and sixty months. (Docket No. 382.) Petitioner appealed and the First Circuit Court of Appeals affirmed his sentence. United States v. Carrero-Hernandez, 643 F.3d 344 (1st Cir. July 6, 2011). On January 9, 2012, certiorari was denied. Carrero-Hernandez v. United States, 132 S.Ct. 1052 (2012). On August 9, 2012, Petitioner timely filed this petition, asserting two grounds of relief. (Docket No. 1.) The government opposed. (Docket No. 4.)

## II.

## Legal Standard

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner may challenge her sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id. A petitioner cannot be granted relief on a claim that has not been raised at trial or direct appeal, unless she can demonstrate both cause and actual prejudice for his procedural default. See United States v. Frady, 456 U.S. 152, 167 (1982). Indeed, "[p]ostconviction relief on collateral review is an extraordinary remedy, available only on a sufficient showing of fundamental unfairness." Singleton v. United States, 26 F.3d 233, 236 (1st Cir. 1994). Claims of ineffective assistance of counsel, however, are exceptions to this rule. See Massaro v. United States, 538 U.S. 500, 123 (2003) (holding that failure to raise ineffective assistance of counsel claim on direct appeal does not bar subsequent § 2255 review).

## III.

### **Discussion**

Because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Petitioner's pro-se status does not excuse him from complying with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

Petitioner asserts claims of ineffective assistance of counsel related to the plea agreement he refused. To prevail on an ineffective assistance of counsel claim, movant must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Id.

Petitioner claims that counsel was ineffective for advising him against accepting a fourteen-year plea offer. (Docket No. 1 at 5.) However, the government's initial verbal plea proposal was for a term of twenty to twenty-four years imprisonment—not fourteen. (Docket No. 4 at 4.) Petitioner counter-offered with a proposal for a term of two years imprisonment. (Id.) This was rejected by the government. (Id.) Petitioner's counsel recalls his client rejecting the government's proposal and opting for a jury trial. (Id.)

Throughout his filing, Petitioner asserts—without more—that we intervened in the plea process. Petitioner fails to cite to any part of the record where we participated in the plea bargaining process in violation of Rule 11(c)(1). Mere assertions without any evidentiary support are insufficient to warrant collateral relief. Cody v. United States, 249 F.3d 47, 53 n. 6 (1st Cir.2001).

Finally, Petitioner claims that his straight plea was involuntary due to coercion and ineffective assistance of counsel. (Docket No. 1-2 at 5.) While a "knowing and voluntary guilty plea waives all nonjurisdictional defects," Any v. United States, 47 F.3d 1156, at *4 (1st Cir. 1995) (citing United States v. Broce, 488 U.S. 563, 569 (1989), Petitioner may attack the voluntary and intelligent character of his guilty plea by showing that the advice he received from counsel was not the "best judgment." One way of determining whether a defendant has received the benefit of counsel is to look to their declarations in court. A defendant's "declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977). The record shows that Petitioner voluntarily entered his guilty plea, free of any coercion:

> THE COURT: Has anyone threatened you or anyone else related to you or forced you in any way directly or indirectly to plead guilty in this case?
>
> THE DEFENDANT: No.
>
> THE COURT: You are aware of the fact that you have no Plea Agreement, you're entering a straight plea in this case correct?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Has somebody promised you anything that we haven't discussed here in open court in order to induce you to plead?
>
> THE DEFENDANT: No.
>
> THE COURT: Very well. You have heard the evidence in this case up to this moment. You have heard the recordings. You have heard all that testimony of the agent. And I ask you, did you, as it appears from those recordings and those exchanges between the agent and others, actually conspire with others to possess with intent to distribute cocaine and to import that cocaine from the Dominican Republic?

THE DEFENDANT: Yes.

(Crim. Docket No. 420 at 11-12.) As the colloquy demonstrates, Petitioner assured us that he was not coerced; that he had not been promised anything beyond what we had discussed; and, based on the evidence presented and reviewed, that he was guilty. In other words, Petitioner conceded that the government's case was so strong that he felt he was likely to lose at trial and he, therefore, willingly entered the guilty plea without being coerced. Thus, with regard to entering a competent and voluntary plea, counsel was effective.

"We can well understand that petitioner does not enjoy his incarceration. However, a § 2255 proceeding is a collateral remedy available to a petitioner only when some basic fundamental right is denied, and not as routine review at the behest of a defendant who is dissatisfied with his sentence." Dirring v. United States, 370 F.2d 862, 865 (1st Cir. 1967). Petitioner has made no argument that would indicate that his rights have been denied.

### IV.

### Certificate of Appealability

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537

U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). While Petitioner has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of his constitutional claims debatable or wrong. Petitioner may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.

## Conclusion

For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion (Docket No. 1). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 30th day of August, 2013.

                                                S/José Antonio Fusté
                                                JOSE ANTONIO FUSTE
                                                U. S. DISTRICT JUDGE